Signed and Filed: April 14, 2016



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 15-53969DM |
| JOHN W. BRADLEY, aka John William Bradley, II, and KENISHE J. BRADLEY aka Kenishe June Bradley, | ) ) Chapter 7 ) |
| Debtors. | ) ) |

TENTATIVE RULING ON APPLICATION TO EMPLOY REAL ESTATE AGENT

The court is not inclined to permit the trustee to employ a real estate agent or broker to negotiate a short sale.

Assuming, but without any evidence from the trustee supporting such an assumption, that a hypothetical buyer would agree to pay a "3% surcharge", the trustee does not cite authority nor explain how she could obtain the consent of the secured creditor who would consent to the short sale. For example, if the net sales price was not enough the pay the first deed of trust holder in full and it consented to the sale, how could the trustee avoid paying the 3% surcharge to the second deed of trust holder?

If the sale proceeds were sufficient to pay the first in full, why would the second holder permit the trustee to keep the surcharge rather than pay it to that creditor? As a practical matter, why should the court or the trustee waste time paying

approximately 8% of the gross sales price (6% commission plus other closing costs) in order to generate 3% for the estate?  For example, on a $600,000 sale the commission would be $36,000 and the estate would get $18,000.  After subtracting the trustee's fees and any professional expenses that might be incurred, it is difficult to project any benefit to unsecured creditors (the schedules reflect the existence of priority tax claims).

    On balance, it appears that the trustee should be abandoning the subject property rather attempting a short sale.

    If the trustee wishes to be heard on this tentative ruling, she may set a hearing on the court's April 27, 2016, 11:30 a.m. calendar, on notice to the United States Trustee and the Debtor, no later than April 20, 2016.  The court requests the United States Trustee to be present at any such hearing and to state her position on the application and this tentative ruling.  If the trustee does not set the hearing by April 20, the court will issue an order denying the application.

                    \* \* \* END OF TENTATIVE RULING \* \* \*

Case: 15-53969    Doc# 20    Filed: 04/14/16    Entered: 04/14/16 14:14:16    Page 2 of 2